UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: Phenylpropanolamine (PPA) Products Liability Litigation<br><br>This document relates to:<br><br>*Lessie Hales v.*<br>*Chattem, Inc., et al.*<br>Case No. 2:03-cv-02725-BJR | MDL NO. 1407<br><br>DEFENDANT STANDARD MARKETING, INC., D/B/A STANDARD DRUG STORE'S MOTION TO DISMISS THE COMPLAINT OF LESSIE HALES |

COMES NOW, Defendant Standard Marketing, Inc., d/b/a Standard Drug Store (incorrectly sued as Standard Drug Store)("Standard Drug"), by and through counsel, and submits this, its Motion to Dismiss the claims of Plaintiff Lessie Hales against Standard Drug, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, and would show unto the Court the following:

I. Introduction

This action was originally filed as a single-plaintiff action in Mississippi state court, wherein Plaintiff Lessie Hales alleged that she purchased certain over-the-counter drugs, including but not limited to Dexatrim®, which contained the ingredient phenylpropanolamine ("PPA"), from Standard Drug (Plaintiff's Original Complaint ("Complaint"), ¶3 through ¶5). Shortly after taking these products, Plaintiff claims to have suffered a stroke. (Complaint, ¶ 13).

The complaint attempts to allege causes of action for strict products liability (both for defective design and failure to warn), negligence, negligent misrepresentation, gross negligence

1

and breach of implied warranties against both manufacturers and distributors of the subject PPA-containing products. As alleged against Standard Drug, Plaintiff's claims are insufficient and do not state a claim upon which relief may be granted and should, therefore, be dismissed.

This action was removed to federal court on the basis of diversity of citizenship and ultimately transferred to this Court as part of the multi-district litigation proceeding (MDL-1407). Plaintiff moved to remand this action to state court in Mississippi. This case was transferred to this Court, and pursuant to this Court's order, the parties conducted supplemental briefing on the remand issue including the claim that Standard Drug was fraudulently joined. Discovery proceeded in this case throughout 2003.

In December of 2003, this Court entered an order striking all pending motions to remand, but giving the plaintiffs ten (10) days to renew their motions to remand if the thought, in light of the Court's prior rulings, the motion was still applicable. Plaintiff in this case did not renew her motion to remand to state court. In light of the foregoing, and the Plaintiff's choice not to renew her motion to remand, Standard Drug respectfully requests that this Court dismiss them from this action, with prejudice, inasmuch as no cause of action is stated against this Defendant.

II. Plaintiff's Complaint Fails to State Claim upon Which Relief Can Be Granted

In its numerous orders denying remand in cases originally filed in Mississippi, this Court has held that the plaintiffs failed to state a cause of action against retailer defendants under Mississippi law.[1] The allegations in Plaintiff Lessie Hales' complaint are identical to the

---

[1] Vick v. Novartis Corp., et al, No. C02-881R (W.D. Wash. Nov. 27, 2002), Williams v. Bayer Corp., et al., No. C02-797R (W.D. Wash. Nov. 27, 2002), Pollard v. Bayer Corp., et al, No. C02-425R (W.D. Wash. Nov. 27, 2002), Robinson v. Bayer Corp., et al., No. C02-424R (W.D. Wash. Nov. 27, 2002), Conway, et al v. American Home Products Corp., et al., No. C01-2180R (W.D. Wash. Nov. 27, 2002), Drayton v. Novartis Consumer Health, Inc., No. C01-

allegations in the cited cases where this Court has denied remand. Specifically, this Court has found that plaintiffs have failed to state a cause of action against pharmacy/retailer defendants under the Mississippi Products Liability Act, in negligence, for misrepresentation, or for breach of implied or express warranties. For the reasons set forth in this court's opinion in Conway, et al v. American Home Products Corp., et al, Civil Action No. C01-2180R (December 2, 2002), and multiple other rulings by this court, those complaints should also be dismissed. Consistent with those orders, Standard Drug respectfully requests that they be dismissed with prejudice from this action.

    A.  Standard for Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Accordingly, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Therefore, dismissal is proper when the plaintiff has failed to assert a cognizable legal theory or when he has not alleged sufficient facts in support of such theory. Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). "[T]he complaint must contain either direct allegations on every material point necessary to sustain recovery...or contain allegations from which an inference fairly may be drawn that evidence on the material point will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)(quoting 3 Wright &

---

1702R (W.D. Wash. Nov. 27, 2002), Alexander v. Bayer Consumer Care, et al, No. C02-883R (W.D. Wash. Nov. 27, 2002), Uwagboe v. Whitehall Robins, et al., No. C02-882R (W.D. Wash. Nov. 27, 2002), Ratliff, et al v. Bayer Corp., et al, No. C02-1372R (W.D. Wash. Nov. 27, 2002), Owens v. Novartis Consumer Health, Inc., No. C01-1874R (W.D. Wash. Nov. 27, 2002), and Ingram, et al v. Bayer Corporation, et al, No. C02-2533R (W.D. Wash. July 15, 2003).

Miller, Federal Practice and Procedure, Civil 2d § 1216, p. 156-159). Further, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)). Here, Plaintiff has failed to state a cause of action or allege sufficient facts to support a cause of action against Standard Drug, with the result that it is entitled to be dismissed from this action.

  B. This Court Has Previously Held that Plaintiffs' Product Liability Claims Against Retailer Defendants Fail as a Matter of Law.

Under the Mississippi Product Liability Act, a plaintiff must show that the product was defective in failing to contain adequate warnings or instructions, and/or was designed in a defective manner at the time it left the control of the manufacturer or seller. [Conway Order at 4 (citing Miss. Code Ann. § 11-1-63(a)(i)(2)-(3))].[2] The allegations in Plaintiff's complaint are identical to the allegations in the Conway case (with the exception that Conway involved a wrongful death action). Moreover, a plaintiff must show that the "manufacturers and sellers knew, or in light of reasonably available knowledge or the exercise of reasonable care should have known, about the dangers that caused the alleged damage." [Conway Order at 4 (citing Miss. Code Ann. § 11-1-63(c)(i), (f)(1); Huff v. Shopsmith, Inc., 786 So.2d 383, 387 (Miss. 2001))].

In rejecting plaintiffs' claims that retailer defendants knew or should have known of the dangers allegedly associated with PPA, this Court has noted that the use of the plural

---

[2] For ease of reference, references to the Court's Order Denying Remand in this brief are made only to Orders in the following two cases: Alexander v. Bayer Consumer Care, et al., Civil Action No. C02-883R (December 2, 2003) or Conway, et al v. American Home Products Corp., et al, Civil Action No. C01-2180R (December 2, 2002), using the following citation format: [Alexander at \_\_\_\_] or [Conway at \_\_\_\_].

4

"defendants" in a number of allegations in the complaints could not be reasonably interpreted to include retailer defendants. [Conway Order at 5 (citing Louis v. Wyeth-Ayerst Pharm, Inc., No. 5:00CV102LN, slip op. at 4-9 (S.D. Miss. Sept. 25, 2000); In re Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d at 424 (E.D.Pa. 2002); In Rezulin Prods. Liab. Litig., 133 F.Supp.2d 272, 291 (S.D.N.Y. 2001); Badon v. RJR Nabisco, Inc., 224 F.3d 382, 391-293 (5th Cir. 2000))]. This Court has also noted that plaintiffs' allegations as to retailer defendants' knowledge are contradictory. [Conway Order at 6.] Specifically, in some allegations of the complaints, plaintiffs allege that retailer defendants had knowledge of the risks allegedly posed by PPA (without providing any factual support for those conclusions). [Conway Order at 6.] (Complaint, ¶57 (I)). In other allegations of the complaint, however, plaintiffs claim that the manufacturers had sole responsibility for allegedly concealing dangers posed by PPA, which contradicts the motion that retailer defendants had knowledge or reason to know of any alleged defects. [Conway at 6.] (Complaint, ¶32). Based on these contradictory allegations, this Court has concluded:

> one could not reasonably read the complaint to support the idea that the retailer defendants had knowledge or reason to know of any dangers allegedly associated with PPA. Indeed, reading the complaint as whole, this allegation reveals itself as directed toward the manufacturer defendants alone.

[Conway Order at 7-8 (citing with approval Louis, slip op. at 3-4 & n.3 and Cadillac Corp. v. Moore, 230 So.2d 361, 365 (Miss. 1975)).] As such, the court held that plaintiffs have failed to state a products liability cause of action against retailer defendants. [Conway at 7-8.] Consistent with this Court's prior orders, Standard Drug is entitled to the dismissal of Plaintiff's product liability claims.

C. This Court has Previously Held that Plaintiffs' Negligence and Misrepresentation Claims Against Retailer Defendants Fail as a Matter of Law.

In order to successfully assert a negligence cause of action against a retailer under Mississippi law, a plaintiff must show that the retailer knew or had reason to know that the product it sold would cause damage to the customer. [Conway Order at 8 (citing R. Clinton Constr. Co. v. Bryan & Reaves, Inc., 442 F. Supp. 838, 851 (N.D. Miss. 1977); Louis, slip op. at 3-4 & n.3; Cadillac Corp. v. Moore, 320 So.2d 361, 365 (Miss. 1975); Moore v. Memorial Hosp. Of Gulfport, 825 So.2d 658, 664-66 (Miss. 2002)).] Similarly, a misrepresentation claim also has a knowledge element. [Conway Order at 8-9 (citing Johnson v. Parke-Davis, 114 F. Supp.2d 522, 525 (S.D. Miss. 2000)(citing Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss. 1996)).] Because the general and contradictory allegations in the complaint do not show that retailer defendants had the requisite knowledge to support a negligence action or provide any factual support for the allegation that retailer defendants made any misrepresentations, this Court has concluded that plaintiffs have failed to state negligence or misrepresentation causes of action against retailer defendants. [Conway Order at 9-10.] As this Court has previously determined when analyzing identical complaints, Plaintiff's complaint cannot be reasonably read to support the idea that the retailer defendant possessed knowledge or any reason to know of any danger allegedly associated with PPA. In fact, Plaintiff's complaint, taken as a whole, clearly indicates that the strict liability claims asserted by Plaintiff are leveled at the manufacturer defendants alone. Consistent with this Court's prior orders, Standard Drug is entitled to the dismissal of Plaintiff's negligence and misrepresentation claims.

D. This Court has Held that Plaintiffs' Implied Warranty Claims Against Retail Defendants Fail as a Matter of Law.

Plaintiff has also alleged that retailer defendants breached implied warranties of merchantability and fitness for a particular purpose pursuant to Miss. Code Ann. §§75-2-314, 315. (Complaint, ¶46 through ¶ 52). Specifically, the complaint, alleges that "'defendants' breached the implied warranty of merchantability by failing to adequately label containers and packages containing PPA, and because the products sold failed to conform to the promises or affirmations made on the containers or labels." [Conway Order at 10 (citing Miss. Code Ann. 75-2-314(2)(e)-(f)).] (Complaint, ¶48). Further, the complaint alleges that retailers breached the implied warranty of fitness for particular purposes when they know of the particular use of the PPA-containing products and that customers relied on the retailer's skill or judgment in selecting and furnishing safe and suitable products. [Conway Order at 10.] (Complaint, ¶51).

In rejecting plaintiffs' breach of warranty claims, this Court has concluded that the complaints failed to show that plaintiffs had provided retailer defendants with notice as to the alleged breach of warranty before suing as they were required to do under Mississippi law. [Conway Order at 10-11 (citing Miss. Code Ann. 75-2-607 (3)(a); C. R. Daniels, Inc. v. Yazoo Mfg. Co., 641 F. Supp. 205, 210-11 (S.D. Miss. 1986); Grant v. Rogers-Dingus Chevrolet, 585 So.2d 725, 730-31 (Miss. 1991)).]

Additionally, regarding plaintiffs' merchantability claims, this Court has concluded that those claims also fail as a matter of law because the complaints do not support the conclusion that retailer defendants participated in any way with the labeling and/or packaging of the PPA-containing products at issue. [Conway Order at 11.]

Furthermore, with respect to plaintiffs' breach of the warranty of fitness for a particular purpose claims, this Court has held that those claims also fail as a matter of law because "'Mississippi does not recognize an implied warranty of fitness for a particular purpose when the good is purchased for the ordinary purpose of a good of that kind.'" [Conway Order at 11 (quoting Farris v. Coleman Co., 121 F. Supp. 2d 1014, 1018 (N.D. Miss. 2000)).] Because plaintiffs allege that they purchased the PPA-containing products for the ordinary purpose of these medications (i.e., to alleviate their "cold, flu, sinus and/or allergy symptoms"), this Court has reasoned that the medicines were purchased for the ordinary purposes of that product. [Conway Order at 11.] As a consequence, this Court has held that plaintiffs have not stated a cause of action against retailer defendants for breach of the warranty of fitness for a particular purpose. [Conway at 11-12.] Consistent with the Court's prior orders, Standard Drug is entitled to the dismissal of Plaintiff's implied warranty claims.

    E. <u>This Court has Previously Held that Plaintiffs' Express Warranty Claims Against Retailer Defendants Fail as a Matter of Law</u>.

Although some plaintiffs have alleged that their complaints assert a valid express warranty claim against retailer defendants, this Court has found that the complaints could be construed as only asserting such a claim against manufacturers of PPA-containing products. [Alexander Order at 7.] Consequently, this Court has held that plaintiffs have not stated a valid cause of action for breach of an express warranty against retailer defendants. [Alexander Order at 7-8.] Consistent with the Court's prior order, Standard Drug is entitled to the dismissal of Plaintiff's express warranty claims (to the extent the complaint may be construed to assert such claims).

## **PRAYER**

Consistent with the court's former rulings pertaining to Mississippi retailers, including but not limited to Conway, Plaintiff failed to state a claim upon which relief can be granted against the retailer defendant. As a result, Plaintiff Lessie Hales' claims should be dismissed against Standard Drug, with prejudice.

This the 20th day of February, 2004.

                              Respectfully submitted,

                              **STANDARD MARKETING, INC.,**
                              **D/B/A STANDARD DRUG STORE**

              By:      /s/ Thomas M. Louis
                      Thomas M. Louis (MSB No. 8484)
                      Trey C. Dellinger (MSB No. 10348)
                      Jeffery A. Styres   (MSB No. 10646)

OF COUNSEL:

**WELLS, MARBLE & HURST, PLLC**
600 Lamar Life Building
Post Office Box 131
Jackson, Mississippi 39205-0131
601-355-8321

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent, via electronic mail pursuant to the Court's ECF filing system, and first class mail, postage prepaid, to the following:

Dana G. Kirk
Kirk Law Firm
4265 San Felipe St., Ste. 1450
Houston, TX 77027
   ***Counsel for Plaintiff***

Richard Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289
   ***Counsel for Chattem, Inc.***

Eugene Naylor
Wise Carter Child & Caraway
P.O. Box 651
Jackson, MS 39205-0651
   ***Counsel for Thompson Medical Company, Inc.***

Joseph Hurson
Lane, Powell, Spears & Lubersky, LLP
1420 5th Avenue, Ste. 4100
Seattle, WA 98101
   ***Defendants' Co-Liaison Counsel***

Lance Eugene Palmer
Levinson, Friedman, Vhugen, Duggan, *et al*
720 3rd Avenue, Suite 1800
Seattle, WA 98101
   ***Plaintiffs' Liaison Counsel***

This the 20th day of February, 2004.

            /s/ Thomas M. Louis
           Thomas M. Louis

113895.1